# EXHIBIT A

LAW OFFICES

# FRANCIS & MAILMAN
A PROFESSIONAL CORPORATION

LAND TITLE BUILDING, 19TH FLOOR
100 SOUTH BROAD STREET
PHILADELPHIA, PA 19110
215-735-8600
FAX: 215-940-8000
WWW.CONSUMERLAWFIRM.COM
EMAIL: INFO@CONSUMERLAWFIRM.COM

January 4, 2012

*Via Facsimile*
Nicole Strickler, Esquire
MESSER & STILP, LTD.
Suite 300, 166 W. Washington Street
Chicago, IL 60602

    ***Re: Taylor v. Screening Reports, Inc., No. 11-3426 (N.D. GA.)***

Dear Nicole:

    Thank you for forwarding the missing copies of Exhibits A and B to Mr. Messer's letter of December 2, 2011.

    Mr. Messer's letter, at p. 2, also makes reference to SRI's contention that it furnished Plaintiff Taylor "a full copy of his report by SRI on or about August 20, 2010." Please provide us with a copy of that full report at your earliest convenience.

    Thanks, and please feel free to call with any questions.

                               Very truly yours,

                               DAVID A. SEARLES

DAS/tam

LAW OFFICES

# FRANCIS & MAILMAN

A PROFESSIONAL CORPORATION

LAND TITLE BUILDING, 19TH FLOOR
100 SOUTH BROAD STREET
PHILADELPHIA, PA 19110
215-735-8600
FAX: 215-940-8000
WWW.CONSUMERLAWFIRM.COM
EMAIL: INFO@CONSUMERLAWFIRM.COM

January 25, 2012

*Via Facsimile and First Class Mail*
Joseph S. Messer, Esq.
MESSER & STILP, LTD.
Suite 300, 166 W. Washington Street
Chicago, IL 60602

    *Re: Taylor v. Screening Reports, Inc., C.A. No. 11-3426 (N.D. Ga.)*

Dear Mr. Messer:

    I wrote to your office on January 4, 2012 (copy enclosed), requesting a copy of the report that SRI has represented it provided to Mr. Taylor on August 20, 2010. I have had no response from your office to that request, and would ask that the report be produced immediately.

    Additionally, SRI's Rule 26(a)(1) disclosures that were faxed to this office on December 2, 2011, state at p. 2 that Defendant has an insurance agreement with Hiscox, Inc. which may be liable to satisfy part or all of a judgment. Under Rule 26(a)(1)(iv), a copy of that agreement is required to be produced without awaiting a discovery request. Please also produce a copy of the insurance agreement immediately.

    Thank you for your attention to this matter, and please feel free to call should you have any questions.

                                                Very truly yours,

                                                David A. Searles

DAS/tam
Enclosure
cc:   John H. Bedard, Jr., Esquire (via e-mail w/enclosure)
        Nicole M. Strickler, Esquire (via e-mail w/enclosure)
        James M. Feagle, Esquire (via e-mail w/enclosure)

## Tina Massa

| | |
|---|---|
| **From:** | Tina Massa |
| **Sent:** | Wednesday, January 25, 2012 10:57 AM |
| **To:** | 'jbedard@bedardlawgroup.com'; 'Nicole Strickler'; 'Jim Feagle' |
| **Cc:** | Dave Searles; Jim Francis; John Soumilas; Geoffrey Baskerville; Danielle Spang |
| **Subject:** | Taylor v. Screening Reports, Inc. |
| **Attachments:** | Letter to Attorney Messer w attachment from DAS 01-25-2012.pdf |

Dear Counsel:

Attached please find correspondence that was faxed to Joseph S. Messer, Esquire today regarding the above referenced matter.

Thank you, Tina


Tina Massa
Paralegal to David A. Searles, Esquire
**Francis & Mailman, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA  19110
tmassa@consumerlawfirm.com
www.consumerlawfirm.com
p: 215.735.8600
f: 215.940.8000
tf: 877.735.8600

 Please consider the environment before printing this e-mail.

1

# Tina Massa

| | |
|---|---|
| **From:** | Nicole Strickler [strickler@messerstilp.com] |
| **Sent:** | Wednesday, January 25, 2012 1:24 PM |
| **To:** | Tina Massa; jbedard@bedardlawgroup.com; Jim Feagle |
| **Cc:** | Dave Searles; Jim Francis; John Soumilas; Geoffrey Baskerville; Danielle Spang |
| **Subject:** | RE: Taylor v. Screening Reports, Inc. |
| **Attachments:** | Insurance Policy.pdf |

Dave,

Thanks for the correspondence. The policy is attached- the first page is a renewal for this year but this is the same policy.

As to your request that we produce the report immediately, I don't see the point in providing anything additional at this time. We wrote you detailed correspondence conveying an offer of settlement and provided the documents referenced within. We received no response whatsoever. Additionally, although I suggested we add to our Rule 26 Report that the parties would consider settlement at this time, you disagreed and said that settlement would only be possible after class discovery. As you know, we recently filed motions regarding that class discovery and your class allegations.

In short, unless you decide to respond to our offer, any additional documents you request will be dealt with in discovery. Also, in the future, please email any correspondence to myself, Joe Messer, and John Bedard in lieu of fax so that we are all kept in the loop.

Thanks,

Nicole

Nicole M. Strickler

Messer & Stilp, Ltd.

166 W. Washington St., Suite 300

Chicago, Illinois 60602

312-334-3442 (direct)

312-334-3434 (fax)

*Admissions: State of Illinois, District Courts for Illinois, Indiana, Michigan, Colorado, E.D. of Missouri and Seventh Circuit Court of Appeals

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE PERSON OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE OR IS OTHERWISE PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, as well as delete it and any attachments. Thank you.

# Tina Massa

| | |
|---|---|
| **From:** | Dave Searles |
| **Sent:** | Wednesday, January 25, 2012 2:05 PM |
| **To:** | Nicole Strickler; Tina Massa; jbedard@bedardlawgroup.com; Jim Feagle |
| **Cc:** | Jim Francis; John Soumilas; Geoffrey Baskerville; Danielle Spang; 'Kris Skaar'; 'Justin Holcombe'; messer@messerstilp.com |
| **Subject:** | RE: Taylor v. Screening Reports, Inc. |

Nicole –

Thanks for providing the insurance policy.

After we reviewed the settlement proposal, we did in fact respond. I called Mr. Messer on December 13 to acknowledge receipt of his correspondence and to explain that we would be in touch promptly after evaluating it. He asked me to call you the following week when he would be unavailable, which I did. When you and I spoke on December 21, I explained that a substantive counter to defendant's offer would have to await the production of sufficient discovery for that counter to be reasonably based on the facts of the case. For instance, information about the size of the class is essential to any settlement discussion. The discovery we sent after the Court entered the jointly agreed upon scheduling order is designed to flesh out those issues so that counsel might have an informed discussion about resolving the case.

SRI has alleged that it furnished Mr. Taylor with "a full copy of his report … on or about August 20, 2010." SRI's continued refusal to provide a copy of that full report, or any other report concerning Mr. Taylor, is puzzling because it would not be burdensome to do so, and it is clearly relevant. Moreover, the refusal violates defendant's duties under Rule 26(a)(1)(A)(ii) to provide copies of documents in its possession, custody or control that it may use to support its defenses, without waiting for discovery requests. I ask that SRI reconsider its decision to withhold an important document that is relevant and clearly available.

As always, if you wish to discuss these matters in more detail, please give me a call. Thanks –

Dave

David A. Searles
**Francis & Mailman, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600 (Phone)
(215) 940-8000 (Fax)
dsearles@consumerlawfirm.com
www.consumerlawfirm.com

---

**From:** Nicole Strickler [mailto:strickler@messerstilp.com]
**Sent:** Wednesday, January 25, 2012 1:24 PM
**To:** Tina Massa; jbedard@bedardlawgroup.com; Jim Feagle
**Cc:** Dave Searles; Jim Francis; John Soumilas; Geoffrey Baskerville; Danielle Spang
**Subject:** RE: Taylor v. Screening Reports, Inc.

Dave,

Thanks for the correspondence. The policy is attached- the first page is a renewal for this year but this is the same policy.

As to your request that we produce the report immediately, I don't see the point in providing anything additional at this time. We wrote you detailed correspondence conveying an offer of settlement and provided the documents referenced within. We received no response whatsoever. Additionally, although I suggested we add to our Rule 26 Report that the

# Tina Massa

| | |
|---|---|
| **From:** | Nicole Strickler [strickler@messerstilp.com] |
| **Sent:** | Wednesday, January 25, 2012 2:26 PM |
| **To:** | Dave Searles; Tina Massa; jbedard@bedardlawgroup.com; Jim Feagle |
| **Cc:** | Jim Francis; John Soumilas; Geoffrey Baskerville; Danielle Spang; 'Kris Skaar'; 'Justin Holcombe'; Joseph Messer |
| **Subject:** | RE: Taylor v. Screening Reports, Inc. |

Dave,

Right- you don't want to discuss discovery on an individual basis. When you talked to Joe, you said you would get back to us. Then when we spoke, you said you didn't want to consider settlement until after class discovery. That's what I said.

I'm not sure why our refusal to tender any more documents outside of discovery is puzzling. I don't see the point in sending documents piece meal over to you when you have submitted discovery requests. Plus, the report says what it says and you clearly already have a copy because you plead it in your complaint. Why do you need another copy?

And as to your citation to 26(a)(1)(A)(ii), I am fully aware as to what that section of the Rule states. To say that our choice to identify the document in our Rule 26s instead of producing it violates our duties, is a complete misstatement of the law. We both know that (in contrast to the insurance policy), we met our duty by identfying the categoy of documents.

So again, please let me know if you would like to discuss settlement on an individual basis. If not, we will produce it in discovery when that time comes.

Thanks,

Nicole

Nicole M. Strickler

Messer & Stilp, Ltd.

166 W. Washington St., Suite 300

Chicago, Illinois 60602

312-334-3442 (direct)

312-334-3434 (fax)

*Admissions: State of Illinois, District Courts for Illinois, Indiana, Michigan, Colorado, E.D. of Missouri and Seventh Circuit Court of Appeals

THIS MESSAGE IS INTENDED ONLY FOR THE USE OF THE PERSON OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PROTECTED BY THE ATTORNEY-

# Tina Massa

| | |
|---|---|
| **From:** | Dave Searles |
| **Sent:** | Wednesday, January 25, 2012 3:52 PM |
| **To:** | Nicole Strickler; Tina Massa; jbedard@bedardlawgroup.com; Jim Feagle |
| **Cc:** | Jim Francis; John Soumilas; Geoffrey Baskerville; Danielle Spang; 'Kris Skaar'; 'Justin Holcombe'; Joseph Messer |
| **Subject:** | RE: Taylor v. Screening Reports, Inc. |

Nicole –

    Well, its puzzling because I would think it's in your client's interest to support its contentions in a settlement offer with the document it alleges exists. Otherwise, it's difficult to accept the truth of the allegation just on faith.

    With respect to insurance coverage, I trust that the policy you produced today is the only policy applicable, *i.e.*, there is no umbrella or excess policy that SRI may have. If my reliance is misplaced, please let me know.

    Thanks –

Dave

David A. Searles
**Francis & Mailman, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600 (Phone)
(215) 940-8000 (Fax)
dsearles@consumerlawfirm.com
www.consumerlawfirm.com

---

**From:** Nicole Strickler [mailto:strickler@messerstilp.com]
**Sent:** Wednesday, January 25, 2012 2:26 PM
**To:** Dave Searles; Tina Massa; jbedard@bedardlawgroup.com; Jim Feagle
**Cc:** Jim Francis; John Soumilas; Geoffrey Baskerville; Danielle Spang; 'Kris Skaar'; 'Justin Holcombe'; Joseph Messer
**Subject:** RE: Taylor v. Screening Reports, Inc.

Dave,

Right- you don't want to discuss discovery on an individual basis. When you talked to Joe, you said you would get back to us. Then when we spoke, you said you didn't want to consider settlement until after class discovery. That's what I said.

I'm not sure why our refusal to tender any more documents outside of discovery is puzzling. I don't see the point in sending documents piece meal over to you when you have submitted discovery requests. Plus, the report says what it says and you clearly already have a copy because you plead it in your complaint. Why do you need another copy?

 And as to your citation to 26(a)(1)(A)(ii), I am fully aware as to what that section of the Rule states. To say that our choice to identify the document in our Rule 26s instead of producing it violates our duties, is a complete mistatement of the law. We both know that (in contrast to the insurance policy), we met our duty by identfying the categoy of documents.

So again, please let me know if you would like to discuss settlement on an individual basis. If not, we will produce it in discovery when that time comes.

Thanks,

Nicole